Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| **CHELSEA CUMMINS,**  **Plaintiff,**  v.  **I.C. SYSTEM, INC.**  **Defendant.** | Case No.: 1:19-cv-00059-DBP  **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *ET SEQ.***  Judge: Dustin B. Pead  JURY TRIAL DEMANDED |

Plaintiff, CHELSEA CUMMINS ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and often an invasion of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant, I.C. SYSTEM, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting a represented party in an attempt to collect a debt in violation of the FDCPA.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all of the conduct engaged in by Defendant took place in Utah.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers of Defendant.

## JURISDICTION & VENUE

8. This Court has federal question jurisdiction over this matter because this action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, which is a federal statute.

9. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within this judicial district. Thus, Defendant has sufficient minimum contacts within this State and district, and otherwise purposefully avails itself of the markets in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10. Venue is proper in the United States District Court for the District of Utah, pursuant to 28 U.S.C. § 1391, for the following reasons: (1) a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district; and (2) Defendant is subject to personal jurisdiction by this Court because Defendant is incorporated in the State of Utah and regularly conducts business within this judicial district.

## PARTIES

11. Plaintiff is a natural person residing in State of Utah, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

12. At all relevant times herein, Defendant was a collection agency engaged, by use of the mails and telephone, in the business of collecting a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due by consumers, and is therefore a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

13. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and

"consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

14. Sometime before September 27, 2018, Plaintiff is alleged to have incurred certain financial obligations.

15. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

16. Sometime thereafter, but before September 27, 2018, Plaintiff allegedly defaulted on the payments alleged to be owed on the alleged debt.

17. Subsequent to the alleged default, but before September 27, 2018, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

18. Before September 27, 2018, Plaintiff reviewed her credit report and noticed that Defendant was reporting Plaintiff's account as a collection account.

19. On or about September 27, 2018, Plaintiff sent a fax to Defendant indicating that Plaintiff was represented by her attorney, Theron Morrison, regarding the debt in question. Plaintiff " included Mr. Morrison's contact information in the fax to Defendant.

20. Plaintiff received a confirmation of receipt of the September 27, 2018 fax to Defendant.

21. Surprisingly, despite having been put on notice that Plaintiff was represented by Mr. Morrison, Defendant sent a subsequent letter directly to Plaintiff dated October 13, 2018 attempting to collect the same debt from Plaintiff.

22. Defendant was aware that Plaintiff was represented by an attorney before October 13, 2018.

23. Defendant did not send the October 13, 2018 communication to

Plaintiff's attorney.

24. In fact, Plaintiff's attorney had no knowledge of the October 13, 2018 letter from Defendant until Plaintiff forwarded the letter to Plaintiff's attorney.

25. Through this conduct, Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting a consumer who the Defendant knew was represented by an attorney and Defendant had contact information for Plaintiff's attorney.

26. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

27. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

28. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

29. The October 13, 2018 letter sent by Defendant is deceiving in that it suggests to the least sophisticated consumer that Defendant is attempting to circumvent the protections that an attorney could provide to Plaintiff and force Plaintiff to make an uneducated decision.

30. When Plaintiff read this letter, she was emotionally distraught.

31. Because of Defendant's conduct, Plaintiff feels like she is in a hopeless situation.

32. In drafting the FDCPA, Congress felt that it was important for collectors to be truthful in their efforts and communications. Defendant's failure to contact Plaintiff through her attorney, put Plaintiff at risk for making uninformed decisions in fear which could lead to further harm to the consumer.

33. Defendant's direct contact with Plaintiff put Plaintiff at risk for

making a decision without the advice of her attorney.

34. As a result of Defendants' abusive conduct, Plaintiff suffered actual damages in the form of mental anguish and emotional distress, which was manifested by symptoms including but not limited to: stress, anxiety, worry, restlessness, irritability, embarrassment, loss of sleep, feelings of hopelessness, and helplessness all impacting his job and personal relationships.

## Causes of Action

## Count I

## Fair Debt Collection Practices Act (FDCPA)

## 15 U.S.C. §§ 1692 et seq.

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to

15 U.S.C. § 1692k(a)(3);

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Dated: June 18, 2019　　　　　　　　　　**KAZEROUNI LAW GROUP**

　　　　　　　　　　　　　　　　　　　By:　*/s Ryan L. McBride*
　　　　　　　　　　　　　　　　　　　　　　Ryan L. McBride, Esq.
　　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*